JS 44  (Rev. 02/19)

# CIVIL COVER SHEET

County in which action arose: Wayne

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Sandipkumar Patel

**DEFENDANTS**
Trinity Health Corporation and Trinity Home Health Services

**(b)** County of Residence of First Listed Plaintiff     Oakland
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     Wayne
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Tony D. Paris (P71525), John C. Philo (P52721), Jack W. Schulz (P78078)
Sugar Law Center for Economic & Social Justice
4605 Cass Avenue, Suite 200, Detroit, MI 48202, (313) 993-4505

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
■ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff* 
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ■ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

■ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17, 42 USC § 1981
Brief description of cause:
National Origin & Race Discrimination and Retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ■ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____     DOCKET NUMBER _____

DATE
February 27, 2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

# PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?                      ☐ Yes
                                                                                 ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.        Other than stated above, are there any pending or previously         ☐ Yes
          discontinued or dismissed companion cases in this or any other        ☒ No
          court, including state court? (Companion cases are matters in which
          it appears substantially similar evidence will be offered or the same
          or related parties are present and the cases arise out of the same
          transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**SANDIPKUMAR PATEL,**

          Plaintiff,

v.

**TRINITY HEALTH
CORPORATION and TRINITY
HOME HEALTH SERVICES
(a.k.a. Trinity Health At Home
and St. Joseph Home Care &
Hospice),**

          Defendants.

Case No.

Hon.

/

| | |
|---|---|
| Tony D. Paris (P71525) | Jack W. Schulz (P78078) |
| John C. Philo (P52721) | SCHULZ GOTHAM PLC |
| SUGAR LAW CENTER FOR | PO Box 44855 |
| ECONOMIC & SOCIAL JUSTICE | Detroit, MI 48244 |
| 4605 Cass Avenue, Second Floor | (313) 246-3590 |
| Detroit, Michigan 48201 | jackwschulz@gmail.com |
| (313) 993-4505 | *Attorneys for Plaintiff* |
| tparis@sugarlaw.org | |
| jphilo@sugarlaw.org | |
| *Attorneys for Plaintiff* | |

/

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

There is no other civil action pending in
this Honorable Court or any other Court
arising out of the same transaction and
occurrence.

**NOW COMES** Plaintiff, SANDIPKUMAR PATEL, for his Complaint against Defendants, TRINITY HEALTH CORPORATION and TRINITY HOME HEALTH SERVICES (a.k.a. Trinity Health At Home and St. Joseph Mercy Home Care & Hospice), stating the following:

## INTRODUCTION

1.     Plaintiff Sandipkumar Patel, an individual of Indian national-origin and Asian race, was employed with the Defendants as a Senior Physical Therapist for over four (4) years until he was abruptly suspended and then terminated after inquiring into equal pay and wage issues, discriminatory job promotions/classifications.

2.     Beginning on or about May 21, 2017, the Defendants implemented payroll changes that Defendants stated would be based on physical therapists' education, credentials, and experience. Soon after these changes were implemented, Mr. Patel noticed that his paycheck was lower than it had been previously, and that his employer was no longer recognizing him as a "Senior Physical Therapist."  All of the other physical therapists at his location who received this designation were Caucasian. All of the physical therapists working at his location who were of Indian national-origin and Asian race, were not maintained at, or otherwise given, Senior Physical Therapist status. Mr. Patel, and the other Indian and Asian physical therapists, were demoted and/or otherwise not promoted when the payroll changes were implemented.  Mr. Patel had

substantially similar or more advanced education, credentials, and experience as Caucasian physical therapists who were awarded Senior Physical Therapist status.

3.      Mr. Patel requested numerous meetings regarding these issues with his superiors. Although he was previously told that due to his education and experience level he would be/remain a Senior Physical Therapist, he was later told that he did not meet the criteria to be a Senior Physical Therapist. Yet despite his requests, he was not provided with information regarding what the new criteria was. After telling a Human Resources employee that he believed this was discriminatory, he was informed that management would be in contact with him and that there would be a staff meeting to address these issues. While he was driving to this staff meeting on Friday, September 22, 2017, he was "suspended." Mr. Patel was officially terminated on or about September 27, 2017.

4.      Within this Complaint, Plaintiff alleges that he received unequal treatment and was ultimately terminated based on his national origin and/or race, as well as in retaliation for protected activity, in violation of his rights under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, *et. seq.*; 42 U.S.C. § 1981, Michigan's Elliot-Larsen Civil Rights Act, M.C.L. § 37.2101, *et. seq.,* and other state law.

## **JURISDICITON AND VENUE**

5.      This Court has original jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. § 1331.

6.      The U. S. Equal Employment Opportunity Commission (EEOC) Detroit Field Office's issued a Right to Sue letter dated December 11, 2019 (EEOC Charge No. 471-2018-02925).

7.      This Court has original jurisdiction of Plaintiff's § 1981 claims pursuant to 28 U.S.C. § 1331.

8.      The amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorney fees.

9.      Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

10.     This Court is the proper venue pursuant to 28 U.S.C. § 1391(b) as a significant amount of the acts and omissions giving rise to this complaint occurred in this judicial district.

## **PARTIES**

11.     Plaintiff Sandipkumar Patel is an individual of Indian national-origin and Asian race.  He resides in Oakland County, Michigan.

12.     Defendant Trinity Health Corporation ("Trinity") is a corporation registered in the State of Indiana with its headquarters in Wayne County, Michigan. Defendant Trinity is the parent corporation of Trinity Home Health Services.

13.     Defendant Trinity Home Health Services ("Trinity HHS") is a Michigan corporation with its headquarters in Wayne County, Michigan.  Trinity Health at Home

4

is a registered assumed name of Trinity HHS.  St. Joseph Mercy Home Care & Hospice is a registered assumed name of Trinity HHS.

## GENERAL ALLEGATIONS

14.    Plaintiff Sandipkumar Patel is an individual of Indian national-origin and Asian race. Plaintiff is a member of a protected class based on his national origin and his race.

15.    Sandipkumar Patel began working as a Senior Physical Therapist for Defendant Trinity HHS in March 2013 out of their Troy, Michigan location.

16.    Defendants' employees at the Troy, Michigan location were considered to be the "Oakland branch."

17.    Sandipkumar Patel was an exemplary employee for the Defendant, receiving favorable performance reviews and patient compliments throughout his tenure as a physical therapist.

18.    Mr. Patel saw the highest amount of patients outside of his designated area and volunteered to cover work hours outside of his regularly scheduled hours, including weekends and holidays.

19.    Mr. Patel has both a bachelor's and a master's degree in physical therapy.

20.    Mr. Patel also has a Lee Silverman Voice Treatment (LSVT) certificate, a vocal therapy certificate primarily used to help treat Parkinson's patients.

21.    Plaintiff and his Oakland branch coworkers began working out of the Defendants' Farmington Hills, Michigan location in 2017.

22.    As of May 21, 2017, Plaintiff had over fourteen (14) years of experience in physical therapy and over three (3) years of experience with the Defendants.

23.    When the Defendants implemented a new "pay classification/adjustments" in late May 2017, Mr. Patel was demoted and/or otherwise not promoted.

24.    The decision to implement the new pay classification/adjustments was made by the Defendant Trinity and/or the Defendant Trinity HHS.

25.    Prior to implementing the new pay classification/adjustments, the Defendants informed employees that, under the new system, Senior Physical Therapists would receive a raise in pay.

26.    During an in-person meeting prior to implementation of the new pay classification/adjustments, Defendants' Rehab Manager Melody Bartlett told Plaintiff that new pay classification/adjustments would be based on employees' education and experience.

27.    Ms. Bartlett also informed Mr. Patel that based on his education and experience, as well as all of the positive patient references, he would remain classified as a Senior Physical Therapist.

28.    Defendants' Therapy Supervisor Karine Pepin also informed him that he would like remain classified as a Senior Physical Therapist.

29.    Following implementation of the new pay classification/adjustments, Plaintiff noticed his paycheck was lower and that he was no longer classified as a Senior Physical Therapist.

30.    After implementation of the new pay classification/adjustments, the only physical therapists in Defendants' Oakland branch who were classified as Senior Physical Therapists were Caucasian.

31.    Caucasian employees who were classified as Senior Physical Therapists had less education and experience than Plaintiff.

32.    In Defendants' Oakland branch, none of the physical therapists of Indian national-origin and Asian race were classified as Senior Physical Therapists.

33.    The classification of physical therapists as Senior Physical Therapists was made by the Defendant Trinity and/or the Defendant Trinity HHS.

34.    Following his meeting with Ms. Bartlett in June 2017, Plaintiff requested numerous meetings regarding these issues with Defendants' managers and supervisors.

35.    One of these subsequent meetings included Defendants' Therapy Supervisor Karine Pepin and Stacie Comiskey from Human Resources.

36.    Ms. Pepin and Ms. Comiskey, now told Mr. Patel, that despite the prior representations to him, he did not meet the criteria to be classified as a Senior Physical Therapist.

37.     During this meeting, Plaintiff requested to know the criteria for being classified as a Senior Physical Therapist.  Ms. Pepin and Ms. Comiskey refused to provide this information.

38.     Ms. Pepin and Ms. Comiskey refused to provide further information for why Mr. Patel was no longer classified as a Senior Physical Therapist.

39.     During this meeting, Mr. Patel explained that it was discriminatory to classify Caucasian staff as Senior Physical Therapists despite having less education, credentials, and experience.

40.     After saying it was possibly upper management's decision, Ms. Pepin abruptly left the meeting.  At this point Ms. Comiskey, said that she would email Laura Amenda in upper management who would be in touch with Plaintiff.

41.     Laura Amenda never contacted the Plaintiff.

42.     The Defendants scheduled a staff meeting to discuss who will be classified as a Senior Physical Therapist.  The staff meeting was scheduled on or about September 22, 2017.

43.     While on his way to the staff meeting, Mr. Patel received a phone call informing him that was he was "suspended" from his employment with the Defendants.

44.     On Wednesday, September 27, 2017, Sandipkumar Patel was informed that his employment with the Defendants was terminated. At that time, Mr. Patel was provided a termination letter that was dated September 26, 2017.

45.     The decision to terminate Mr. Patel's employment was made by personnel at the Defendant Trinity and/or the Defendant Trinity HHS.

46.     The reasons provided for termination in the letter are completely pretextual and are the result of the Defendants' own initiatives in contacting Mr. Patel's former patients for the purpose of concocting a pretext for his termination.

47.     The reasons provided for termination were not enforced uniformly against other employees, including Caucasian employees, of the Defendants.

48.     One of the reasons provided for termination stemmed from a customer/patient requesting that Mr. Patel no longer be her therapist because the customer/patient did not like "his accent."

49.     Defendants acquiesced in, or otherwise approved, of Mr. Patel being removed as this customer/patient's therapist because of his Indian accent and then used this interaction as a pretext in his termination.

50.     In April 2018, Mr. Patel mailed a letter under Michigan's Bullard-Plawecki Right to Know Act requesting a copy of, or on-site inspection of, his employment file.

51.     Because Defendants did not respond to this letter within a reasonable time, Plaintiff sent a second letter in early May 2018, via certified mail.

52.     Defendants responded to this letter by sending Plaintiff the employment file for one of Plaintiff's coworkers Viral Patel, who is also of Indian national origin and Asian race.

53.     Plaintiff then sent a third letter in June 2018, and made phone calls to Trinity, pointing out that Defendants sent the wrong employee file to him and reiterating his prior written requests for his employment file.

54.     Defendants have refused to provide Mr. Patel with his employee file or to permit an inspection of it.

## COUNT I
## RACE & NATIONAL ORIGIN DISCRIMINATION
## TITLE VII, 42 U.S.C. § 2000e, *et seq.*

55.     All preceding paragraphs are incorporated by reference.

56.     At all relevant times, Plaintiff and Defendants were covered by and within the meaning of the Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*

57.     Plaintiff's race and/or national origin was a factor that made a difference in Defendants' discriminatory decision to demote, or otherwise fail to maintain, Plaintiff to be classified and paid as a Senior Physical Therapist.

58.     Plaintiff's race and/or national origin was a factor that made a difference in Defendants' discriminatory decision to terminate Plaintiff's employment, including

citing a reason that involved a customer/patient asking to no longer be treated by Plaintiff because of his Indian accent.

59.     Defendants treated Plaintiff different than similarly-situated Caucasian physical therapists.

60.     Defendants' actions were intentional, with reckless indifference and in disregard of Plaintiff's rights and sensibilities.

61.     Defendants' actions were motivated by animus towards the race and/or national origin of the Plaintiff.

62.     As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss of benefits, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and incurred substantial liability for attorney fees.

**COUNT II**
**RETALIATION**
**TITLE VII, 42 U.S.C. § 2000e, _et. seq._**

60.     All preceding paragraphs are incorporated by reference.

61.     Plaintiff engaged in activity protected by Title VII, 42 U.S.C. § 2000e _et seq._ when he told his supervisors and managers that other Caucasian employees who

were kept at, or raised to, Senior Physical Therapist status and pay had less experience and education than himself and his Indian and Pakistani coworkers.

62.     Plaintiff engaged in activity protected by Title VII, 42 U.S.C. § 2000e, *et seq.*, when he told his superiors that a customer/patient had called him requesting he no longer work as her therapist because of his accent.

63.     Defendants' demotion of Plaintiff's classification and pay on this basis violates Title VII, 42 U.S.C. § 2000e *et seq.*

64.     Defendants' termination of Plaintiff's employment on this basis violates Title VII, 42 U.S.C. § 2000e *et seq.*

65.     As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss of benefits, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and has incurred attorney fees.

## COUNT III
## RACIAL DISCRIMINATION
## 42 U.S.C. § 1981

63.     All preceding paragraphs are incorporated by reference.

64.     Plaintiff is a member of a protected class.

65.     As an employee, Plaintiff had a contractual employment relationship with Defendants.

66.     Plaintiff was demoted, disciplined, and terminated while performing at the same level as Caucasian comparators and engaging in the same conduct as Caucasian employees.

67.     Plaintiff received disparate treatment compared to Caucasian comparators in violation of his right to make and enforce contracts pursuant to 42 U.S.C. § 1981.

68.     Plaintiff was terminated in violation of his right to make and enforce contracts pursuant to 42 U.S.C. § 1981.

69.     As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss of benefits, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and has incurred attorney fees.

## COUNT IV
## RETALIATION
## 42 U.S.C. § 1981

70.     All preceding paragraphs are incorporated by reference.

71.     Plaintiff engaged in activity protected by 42 U.S.C. § 1981 when he pointed out to his superiors that other Caucasian employees who were kept at, or raised

to, Senior Physical Therapist status had less experience and education than that of himself and his Indian and Pakistani coworkers.

72.    Defendants' termination of Plaintiff's employment on this basis violates 42 U.S.C. § 1981.

73.    As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss of benefits, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and has incurred attorney fees.

**COUNT V**
**RACE & NATIONAL ORIGIN DISCRIMINATION**
**ELLIOT-LARSEN CIVIL RIGHTS ACT, M.C.L. § 37.2101, *et. seq*.**

74.    All preceding paragraphs are incorporated by reference.

75.    At all relevant times, Plaintiff and Defendants were covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act (ELCRA), MCL 37.2101 *et seq*.

76.    Defendants treated and disciplined Plaintiff differently than similarly-situated Caucasian employees.

77.     Plaintiff's race and/or national origin was a factor that made a difference in Defendants' decision with treatment and discipline to Plaintiff, including his termination.

78.     Defendants' actions were intentional, with reckless indifference and in disregard of Plaintiff's rights and sensibilities.

79.     Defendants' actions were motivated by animus towards the race and/or national origin of the Plaintiff.

80.     As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss of benefits, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and incurred substantial liability for attorney fees.

## COUNT VI
## RETALIATION
## ELLIOT-LARSEN CIVIL RIGHTS ACT, M.C.L. § 37.2101, *et. seq.*

72.     All preceding paragraphs are incorporated by reference.

73.     Plaintiff engaged in activity protected by ELCRA, M.C.L. § 37.2101, *et. seq.* when he pointed out to his superiors that other Caucasian employees who were kept at, or raised to, Senior Physical Therapist status had less experience and education than that of himself and his Indian and Pakistani coworkers.

74.     Plaintiff engaged in activity protected by ELCRA, M.C.L. § 37.2101, *et. seq.* when he told his superiors that a customer/patient had called him requesting he no longer work as her therapist because of his accent.

75.     As a result of Plaintiff's protected activity, Plaintiff was terminated.

76.     As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss of benefits, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and incurred substantial liability for attorney fees.

## COUNT VII
## VIOLATION OF BULLARD-PLAWECKI EMPLOYEE
## RIGHT TO KNOW ACT, M.C.L. § 423.501, *et. seq.*

77.     All preceding paragraphs are incorporated by reference.

78.     At all relevant times, Plaintiff and Defendants were covered by and within the meaning of "employee" and "employer" as defined by M.C.L. § 423.501, *et. seq.*

79.     In April 2018, Plaintiff mailed a letter under Michigan's Bullard-Plawecki Right to Know Act requesting a copy of, or on-site inspection of, his employment file.

80.     Because Defendants did not respond to this letter within a reasonable time, Plaintiff sent a second letter in early May 2018, via certified mail.

81.    Defendants responded to this letter by sending Plaintiff the employment file for one of Plaintiff's coworkers Viral Patel, who is also of Indian national origin and Asian race.

82.    Plaintiff then sent a third letter in June 2018, and made phone calls to Defendants, pointing out that they sent the wrong employee file to him and reiterating his prior written requests for his employment file.  Defendants still have not sent Plaintiff his employee file.

83.    Any of Plaintiff's personnel record information which was not sent to Plaintiff or otherwise not included in the personnel record that was sent shall neither be used by Defendants in this proceeding, nor any other judicial or quasi-judicial proceeding pursuant to M.C.L. § 423.502, Section 2.

84.    As a direct and proximate result of Defendants' willful and knowing violation of M.C.L. § 423.501 *et. seq.*, Plaintiff shall be rewarded actual damages plus costs and attorneys' fees.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests a jury trial in this case and that this Honorable Court enter judgment in favor of the Plaintiff in an amount that is fair, just and equitable for the injuries so wrongfully sustained, including but not limited to:

a.    Reinstatement to the position of Senior Physical Therapist;

17

b.   Lost wages and benefits, past and future;

c.   Economic and noneconomic compensatory damages, past and future;

d.   Punitive and exemplary damages;

e.   Reasonable attorney fees, costs and interest; and

f.   Other legal and equitable relief as this Court deems just and proper.

Respectfully submitted,

By: /s/ Tony D. Paris
Tony D. Paris (P71525)
John C. Philo (P52721)
SUGAR LAW CENTER FOR
ECONOMIC & SOCIAL JUSTICE
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
(313) 993-4505
tparis@sugarlaw.org
jphilo@sugarlaw.org
*Attorneys for Plaintiff*

Jack W. Schulz (P78078)
SCHULZ GOTHAM PLC
PO Box 44855
Detroit, MI 48244
(313) 246-3590
jackwschulz@gmail.com
*Attorneys for Plaintiff*

DATE: February 27, 2020

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**SANDIPKUMAR PATEL,**

           Plaintiff,

v.

**TRINITY HEALTH**
**CORPORATION; and TRINITY**
**HOME HEALTH SERVICES**
**(a.k.a. Trinity Health At Home**
**and St. Joseph Mercy Home**
**& Hospice),**

           Defendants.

Case No.

Hon.

_____/

Tony D. Paris (P71525)
John C. Philo (P52721)
SUGAR LAW CENTER FOR
ECONOMIC & SOCIAL JUSTICE
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
(313) 993-4505
tparis@sugarlaw.org
jphilo@sugarlaw.org
*Attorneys for Plaintiff*

_____/

## **<u>DEMAND FOR TRIAL BY JURY</u>**

Plaintiff Sandipkumar Patel hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,


By: /s/ Tony D. Paris
Tony D. Paris (P71525)
John C. Philo (P52721)
SUGAR LAW CENTER FOR
ECONOMIC & SOCIAL JUSTICE
4605 Cass Avenue, Second Floor
Detroit, Michigan 48201
(313) 993-4505
tparis@sugarlaw.org
jphilo@sugarlaw.org
*Attorneys for Plaintiff*

DATE: February 27, 2020